IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| CRISTOFER ALEXANDER TOCTE-CHICAIZA,<br><br>               Petitioner,<br><br>vs.<br><br>DAVID EASTERWOOD, Field Office Director of Enforcement and Removal Operations, St. Paul Field Office, Immigration and Customs Enforcement, et al.,<br><br>               Respondents. | 0:26-CV-669<br><br>MEMORANDUM AND ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS |

      The petitioner is a noncitizen currently detained by U.S. Immigration and Customs Enforcement (ICE), seeking a writ of habeas corpus under 28 U.S.C. § 2241. He contends his detention is unlawful because he was denied a bond hearing pursuant to 8 C.F.R. §§ 236.1(d)(1) and 1236.1(d)(1). *See* filing 1. The government responds that detention is mandatory, not discretionary, and the petitioner is not eligible to be released. *See* filing 7.

      The briefing demonstrates that the petitioners' application for the writ only presents issue of law—and the government concedes this point, *see* filing 7 at 14—so the Court declines to hold a hearing. *See* § 2243. The Court will grant the petition for the reasons thoroughly articulated by this Court in *Velasco Hurtado v. Bondi*, No. 0:26-CV-546, 2026 WL 184884 (D. Minn. Jan. 24, 2026). The government shall immediately—if necessary—return the petitioner to the state of Minnesota[1] and release him from custody.

---

[1] The Court notes that, as of today, the petitioner doesn't seem to appear in the ICE Online Detainee Locator System, https://locator.ice.gov/odls. It's not clear whether that might mean

IT IS ORDERED:

1. The Petition for Writ of Habeas Corpus (filing 1) is granted.

2. The government shall, if necessary, immediately return the petitioner to the District of Minnesota.

3. When the petitioner is in Minnesota, the government shall immediately release him from custody.

4. No later than **January 31, 2026**, the government shall file a status report certifying compliance with this Order.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated this 29th day of January, 2026.

BY THE COURT:

John M. Gerrard
Senior United States District Judge

---

that the petitioner is being, or has been, transported, or whether it's simply a record-keeping problem. But the Court retains jurisdiction over a properly-filed habeas petition even if the petitioner is later moved. *Ex parte Endo*, 323 U.S. 283, 307 (1944). From an excess of caution, the Court will direct the government to return the petitioner to Minnesota, in the event that he has been moved.